# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON DIVISION

JULIE HURON,

    **Plaintiff,**

v.                                Civil Action No. 3:17-cv-03898

BOJANGLES' INTERNATIONAL, LLC;
BOJANGLES RESTAURANTS INC.; AND
THE RUTHERFORD GROUP, LLC,

    **Defendants.**

## ORDER

Pending before the Court is Motion to Compel Discovery Responses from Plaintiff Julie Huron (ECF No. 17) and Plaintiff's Response to Defendant's Motion to Compel Discovery Responses (ECF No. 20).

### Background

Defendant, The Rutherford Group, LLC (hereinafter "Rutherford") states that on November 1, 2017, it served Plaintiff with Defendant, The Rutherford Group, LLC's, First Set of Interrogatories and Requests for Production of Documents to Plaintiff Julie Huron (ECF No. 17-1). Plaintiff's answers to Rutherford's discovery were due on or before December 4, 2017.

On December 12, 2017, counsel for Rutherford communicated with Plaintiff in a good faith attempt to resolve the discovery dispute and agreed to an extension until December 18, 2017, for Plaintiff to respond to the outstanding discovery (ECF No. 17-2). As of the filing of Rutherford's Motion, Plaintiff has not responded to the discovery.

On January 4, 2018, Plaintiff filed her response to Rutherford's Motion (ECF No. 20). In her response, Plaintiff's counsel states that on October 31, 2017, the server containing case management software, scanned documents, emails, and everything amassed by the firm for the previous eighteen months suffered a critical failure. Counsel states they have been working with various IT professionals to recover all of the lost information and are attempting to recreate and rescan every documents in digital form. Plaintiff has requested another thirty day extension to completely respond to Rutherford's discovery.

Conclusion

After reviewing Rutherford's Motion and Plaintiff's response, it is hereby **ORDERED** that Motion to Compel Discovery Responses from Plaintiff Julie Huron (ECF No. 17) is **GRANTED**. It is further **ORDERED** that Plaintiff fully and completely respond to Defendant, The Rutherford Group, LLC's, First Set of Interrogatories and Requests for Production of Documents to Plaintiff Julie Huron, within **thirty days** of entry of the Order.

Rutherford's Motion to Compel did not request an award of reasonable fees and costs incurred in bringing the motion to compel. Federal Rule of Civil Procedure 37 governs motions for an order compelling disclosure or discovery. The Rule specifies:

> (A) If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) The movant filed the motion before attempting in good faith to obtain the

> > disclosure or discovery without court action;
> (ii) The opposing party's nondisclosure, response or objection was substantially justified; or
> (iii) Other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(5)(A).

When a motion to compel has been granted, this district has previously held that a prevailing party may file an affidavit of costs incurred in filing the motion without filing a formal motion for that monetary relief. *See Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 185 (S.D. W.Va. 2010); *Wolfe v. Green*, 257 F.R.D. 109, 114 (S.D. W.Va. 2009). Accordingly, the undersigned finds that Defendant The Rutherford Group, LLC, was not required to request reasonable costs. This Court has held that "Based on the language of Rule 37, once a motion to compel is granted, a court must require the party whose conduct necessitated the motion to pay reasonable expense to the moving party, unless one of the three exceptions is met." *HSBC Bank USA v. Resh*, Civil Action No. 3:12-cv-00668 (S.D. W.Va. January 28, 2014). In the present matter, like *HSBC*, once the motion to compel is granted, the prevailing movant need only to prove that their expenses were reasonable, not that they were entitled to expenses in the first place. (*Id.*)

Pursuant to Federal Civil Procedure Rule 37(a)(5)(A), Defendant, The Rutherford Group, LLC, may file an affidavit of their reasonable expenses incurred in making the motion, including attorney's fees, on or before **January 30, 2018**. Plaintiff may file its response to the affidavit within seven days from the date of receipt of Defendant's affidavit.

The Clerk of the Court is directed to transmit a copy of this Order to counsel of record and any unrepresented party.

Enter: January 23, 2018

_____
Dwane L. Tinsley
United States Magistrate Judge