IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JULIE HURON,

          Plaintiff,

v.                                                 CIVIL ACTION NO. 3:17-3898

BOJANGLES' INTERNATIONAL, LLC,
BOJANGLES' RESTAURANTS INC.,
THE RUTHERFORD GROUP, LLC,
ESD ARCHITECTURE & INTERIOR DESIGN and
DEREK, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment by Defendant The Rutherford Group, LLC (hereinafter "Rutherford"), to which the Defendants Bojangles' International LLC and Bojangles' Restaurants, Inc. have joined. ECF No. 37 & 40. Upon consideration of the parties' arguments and for the following reasons, the Court **DENIES, in part,** and **GRANTS, in part**, Rutherford's motion.

It is undisputed that, on or about September 25, 2016, Plaintiff Julie Huron was a patron at a Bojangles restaurant that was franchised to Rutherford. Rutherford also owned and occupied the premises. After eating inside the restaurant,[1] Plaintiff walked outside around 8:00 p.m., taking the same route she used when she entered. As she left, it was dusk, and she was

---

[1] In her deposition, Plaintiff states she was inside the restaurant for approximately 35 to 45 minutes. *Dep. of Julie Huron*, Tr. at 30, ECF No. 37-1, at 4.

carrying a drink and a bag with food. She also was talking to her another individual. Although Plaintiff acknowledges she traversed the curb between the parking lot/drive through lane onto the sidewalk without difficulty when she entered the building, she claims she did not notice the change of elevation when she left. As a result, when she stepped off the curb, she fell and broke both bones in her lower leg.[2] Plaintiff underwent surgery and incurred approximately $78,000 in medical costs. She then filed this action seeking compensatory, general, and punitive damages, insisting the curb should have been painted a contrasting color to warn customers of the elevation change. On the other hand, Rutherford argues that the curb's elevation was open and obvious and, therefore, it is entitled to summary judgment as a matter of law.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of

---

[2] A video capturing the accident was submitted to and viewed by the Court. ECF No. 39.

proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

In this case, Plaintiff argues Defendants failed to exercise reasonable care and were negligent by not painting the curb. "In order to establish a negligence claim in West Virginia, '[a] plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff.'" *Cline v. 7-Eleven, Inc.*, Civ. Act. No. 3:11–CV–102, 2012 WL 5471761, at *5 (N.D. W. Va. Nov. 9, 2012) (citing *Neely v. Belk, Inc.*, 668 S.E.2d 189, 197 (W. Va. 2008)). In 2013, the West Virginia Supreme Court "abolish[ed] the open and obvious doctrine in premises liability actions, [and stated] [t]he obviousness of a danger does not relieve an owner or possessor's duty of care towards others, and does not preclude recovery by a plaintiff as a matter of law." *Hersh v. E-T Enters., Ltd. P'ship*, 752 S.E.2d 336, 342 (W. Va. 2013). In reaction, the West Virginia Legislature statutorily reinstated the open and obvious rule in 2015 in West Virginia Code § 55-7-28(a).[3] This provision provides:

---

[3]Subsection (c) expressly states:

> It is the intent and policy of the Legislature that this section reinstates and codifies the open and obvious hazard doctrine in actions seeking to assert liability against an owner, lessee or other lawful occupant of real property to its status prior to the decision of the West Virginia Supreme Court of Appeals in the matter of *Hersh v. E-T Enterprises, Limited Partnership*, 232 W. Va. 305 (2013). In its application of the doctrine, the court as a matter of law shall appropriately apply the doctrine considering the nature and severity,

> A possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

W. Va. Code § 55-7-28(a). Nevertheless, the West Virginia Supreme Court stated that this statute does not abrogate the fact an owner or occupant of a premise still owes "'an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition.'" *W. Liberty Univ. Bd. of Governors v. Lane*, No. 16-0942, 2018 WL 300564, at *4 (W. Va. Jan. 5, 2018) (unpublished) (quoting Syl. Pt. 2, *Burdette v. Burdette*, 127 S.E.2d 249 (W. Va. 1962)). This duty is not abrogated by the "open and obvious statute[.]"

Here, Rutherford argues not only that the curb was open and obvious, but that Plaintiff also had actual knowledge of the curb because she admitted she saw it when she walked to the building. Plaintiff said she did not have any difficulty entering the restaurant, and she left using the same route she used when she entered. Therefore, Rutherford asserts that it cannot be liable under the open and obvious doctrine and West Virginia Code § 55-7-28(a).

However, it is undisputed that, at the time of Plaintiff's accident, the curb was not painted.[4] Plaintiff represents, and it is evident in the video submitted to the Court, that both the sidewalk and the parking lot/drive through lane are the same pale gray concrete color. In his expert

---

or lack thereof, of violations of any statute relating to a cause of action.

W. Va. Code § 55-7-28(c).

[4] Following this accident, the curb was painted.

report, Ronald W. Eck, P.E., Ph.D. opined to a reasonable degree of engineering certainty that the lack of contrast and the only six-inch rise from the parking lot to the sidewalk made the change in elevation difficult to detect. *Report of Ronald W. Eck, P.E., Ph.D.*, at 4 (Feb. 16, 2018), ECF No. 45-1. Additionally, Dr. Eck stated that, even if Plaintiff stepped up onto the curb when she entered the restaurant, "she would have forgotten that experience by the time she left the restaurant." *Id.* at 6. Based upon his review, Dr. Eck opined Plaintiff's fall "was a direct result of improper design, construction, inspection, maintenance of this curb/sidewalk interface and a failure to provide warning of the hazard in contravention of accepted safety practices, principles and guidelines." *Id.*

Viewing this evidence in the light most favorable to Plaintiff and after watching the video of the accident, the Court believes a jury could reasonably find that change in elevation between the sidewalk and parking lot/drive through lane was not open and obvious. Therefore, the Court **DENIES** Rutherford's motion for summary judgment on this issue.

Rutherford also argues, however, that it is entitled to summary judgment on Plaintiff's claim for punitive damages. Plaintiff failed to respond to this argument on summary judgment. In a parallel motion in limine, Plaintiff's only response is that she thinks the motion is more appropriate as a motion for directed verdict. ECF No. 69. In order to survive summary judgment, however, Plaintiff must offer some "concrete evidence from which a reasonable juror could return a verdict in [her] favor[.]" *Anderson*, 477 U.S. at 256. Plaintiff has failed to do so with respect to punitive damages. Therefore, the Court **GRANTS** summary judgment in favor of Defendants on Plaintiff's claim for punitive damages.

Accordingly, for the foregoing reasons, the Court **DENIES** Rutherford's summary judgment motion with regard to liability under the open and obvious doctrine, but **GRANTS** the motion with respect to punitive damages.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 11, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE